NOT DESIGNATED FOR PUBLICATION

No. 128,373

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

PERRY CARR,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Rice District Court; STEVEN JOHNSON, judge. Submitted without oral argument. Opinion filed May 1, 2026. Affirmed.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

*Ashley R. Iverson*, staff attorney, of Legal Services Bureau, Kansas Department of Revenue, for appellee.

Before HILL, P.J., PICKERING and BOLTON FLEMING, JJ.

HILL, J.:  In this appeal of a district court's approval of the administrative suspension of Perry Carr's driving license, the court's findings are supported by substantial competent evidence. The record reveals several indications that Carr was driving under the influence of alcohol at the time of his traffic stop. Accordingly, we affirm the court's upholding of the license suspension.

1

*Carr is stopped.*

Around 1 a.m. in late November 2022, Lyons Police Officer Angela Allison saw a Dodge truck leaving the Johnson's Liquor Store. According to Allison, the truck weaved into the right lane then "ping-ponged between the center line and the lane divide." Allison stopped the truck because of the truck's failure to maintain its lane of traffic. Even though the officer turned on her emergency lights signaling for the truck to stop, the truck kept driving several blocks before pulling into a motel parking lot.

Once the truck stopped, Allison approached the driver, Perry Carr, and immediately smelled the odor of an alcoholic beverage coming from the truck. She noted that Carr's eyes were watery and his speech was slurred. Allison testified that Carr had difficulty producing his driving license and vehicle insurance and had difficulty following orders. Allison asked Carr to step out of his truck and perform some field sobriety tests, which he refused.

Allison did not ask for a preliminary breath test because she did not have the test with her—at the time, the Lyons Police Department only had one preliminary breath test kit. Allison also testified that she did not request standard field sobriety testing because she believed she had reasonable grounds to suspect that Carr had been driving under the influence of alcohol.

Those reasonable grounds were based on Allison's observations that

(1) Carr left a liquor store then failed to maintain a single lane of traffic;
(2) he slurred his speech;
(3) he had watery eyes;
(4) an odor of alcohol emanated from his truck; and
(5) Carr had difficulty producing his documents and following directions.

Allison arrested Carr for driving under the influence of alcohol. Carr refused further alcohol testing. After that, Allison served Carr with the DC-27 form—an officer's certification and notice of the suspension of driving privileges—based on Carr's refusal to submit to testing.

*Carr's driving license is suspended.*

Carr requested and received an administrative hearing to review the suspension of his driving license. An administrative hearing officer affirmed the suspension, finding reasonable grounds existed for the officer's belief that Carr was driving under the influence of alcohol. The administrative hearing officer did note that there was an open beer found in Carr's stopped truck.

Carr petitioned for judicial review to the district court for review of the hearing officer's decision. After a bench trial, the district court affirmed the suspension of Carr's driving privileges, finding there were reasonable grounds for the officer to suspect Carr was driving under the influence of alcohol.

Carr appeals, claiming the district court improperly decided that the officer had reasonable grounds to arrest him for driving under the influence of alcohol. He argues that the district court's findings are not supported by substantial competent evidence.

While Carr concedes that the officer was justified in stopping him and in deciding to begin a DUI investigation, he contends that this traffic stop went wrong when the officer "simply abandoned all investigation when [Carr] refused physical field sobriety testing." He concludes that the officer's observations up to that point were insufficient to satisfy probable cause to arrest Carr for driving under the influence of alcohol.

*Well established rules control our review.*

Appeals from the administrative suspension of driving licenses are subject to review according to the Kansas Judicial Review Act, K.S.A. 77-601 et seq. See K.S.A. 77-603. Reviewing courts must determine whether substantial competent evidence supported the district court's factual findings and whether those findings supported the district court's conclusions of law. "'Substantial competent evidence is that which possesses both relevance and substance and which furnishes a substantial basis in fact from which the issues can reasonably be resolved.'" *State v. Sanders*, 310 Kan. 279, 294, 445 P.3d 1144 (2019). Appellate courts do not "reweigh evidence, determine credibility, or make independent factual findings." 310 Kan. at 292.

Under K.S.A. 8-1001(b), a police officer may request an evidentiary breath test if (1) there is probable cause to believe the driver was operating the vehicle under the influence of alcohol, and (2) the driver had been placed under arrest, taken into custody, or involved in a car accident. See also K.S.A. 8-1002(a) (requiring an officer certify the reasonable grounds for suspecting a DUI and the driver was placed under arrest, in custody, or involved in an accident after a test failure or refusal).

"Reasonable grounds" under the statute is analogous to probable cause but not entirely synonymous—an officer may have reasonable grounds sufficient to request a test but may not have probable cause to arrest the driver under K.S.A. 8-1001. *Johnson v. Kansas Dept. of Revenue*, 58 Kan. App. 2d 431, 438, 472 P.3d 92 (2020). The reasonable grounds determination "involves a mixed question of law and fact, and appellate courts review the ultimate legal conclusion—whether reasonable grounds existed— independently, while deferring to the district court's factual findings." *Casper v. Kansas Dept. of Revenue*, 309 Kan. 1211, 1213, 442 P.3d 1038 (2019).

4

Simply put, we review this record to determine whether Allison had reasonable grounds to seek a breath test from Carr for alcohol consumption.

Our test is simple. In reviewing a district court's findings, we "'must accept as true the evidence and all the reasonable inferences drawn from the evidence which support the district court's findings and must disregard any conflicting evidence or other inferences that might be drawn from it.'" *Casper*, 309 Kan. at 1220.

At trial, Allison testified that she arrested Carr for driving under the influence of alcohol based on several indications of intoxication. The district court found, based on the totality of Allison's interaction with Carr, that Allison "had reasonable suspicion to initiate the arrest" as well as finding Allison had "enough reason to believe that [Carr] was operating the vehicle while impaired."

Here, the evidence and testimony support the district court's findings that there were reasonable grounds to believe Carr had been driving under the influence of alcohol.

- Carr had just left a liquor store before continuing onto a four-lane highway, where he failed to maintain his lane of traffic.
- After Allison initiated the traffic stop, Carr kept driving for several blocks before pulling over.
- Once she made contact with Carr, Allison immediately smelled alcohol coming from his truck.
- Allison observed that Carr's eyes were watery and glassy, his speech was slurred, and he had difficulty producing his documentation.
- Based on these observations, Allison requested that Carr perform some physical standard field sobriety tests. Carr refused, and Allison arrested him.

5

These facts support the district court's finding that there were reasonable grounds to arrest Carr for driving under the influence of alcohol. The district court did not err in affirming the suspension of Carr's driving license.

Affirmed.